```
             UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

VESTIN FUND II, L.L.C.,             §
                                    §
     Plaintiff,                     §
                                    §
vs.                                 §   Civil Action No. H-03-5071
                                    §
LUCKY SRINIVASAN,                   §
HUGO VERHAEGHE,                     §
STERLING REIT, INC.,                §
STERLING SPRINGDALE, L.P.,          §
STERLING-183 DAVIS, L.P. and        §
CHARLES GLACE,                      §
                                    §
     Defendants,                    §
                                    §
vs.                                 §
                                    §
VESTIN MORTGAGE,                    §
RONALD BEARDEN,                     §
JEREMY SRINIVASAN,                  §
WILLIAM SRINIVASAN,                 §
ECORP, 5514 W. 34TH St. CORP., §
AM PACIFIC CORP., CHASCO            §
CONSTRUCTORS, Ltd., L.L.P., and     §
LTSTE CORP.,                        §
                                    §
     Third-party Defendants.        §

## ORDER

Pending before the court is Plaintiff's Motion for Sanctions (Docket Entry No. 142). The court has considered the responses of the parties and heard arguments of counsel. Plaintiff's motion will be granted, in part, for the reasons stated below.

As outlined in more detail in Plaintiff's motion, Plaintiff has attempted to secure the depositions of Defendants Srinivasan and Verhaeghe since November 2004. Verhaeghe's deposition was finally taken in June 2005, and Srinivasan will complete his

deposition on July 7, 2005. This discovery came after considerable difficulty and cost to Plaintiff, for which it seeks monetary sanctions.

In a docket control order dated March 19, 2004, the court set December 17, 2004, as the discovery cut-off date. Defendants Verhaeghe and Srinivasan did not hire counsel until July 2004.

On November 20, 2004, Plaintiff noticed Defendants for depositions on December 8 and 9, 2004. On December 8, 2004, Defendants' counsel informed Plaintiff's counsel that his clients were unavailable for the depositions.

The depositions were rescheduled by agreement to December 16, 2004. Both defendants failed to appear. As counsel explained at the hearing, when he agreed to the new date, he was unaware that Verhaeghe planned to be out of the country. Counsel offered no explanation for Srinivasan's unavailability on December 16, 2004. Defendants' counsel agreed to provide other dates in January and February 2005 for his clients' depositions but failed to do so.

In March 2005, Plaintiff's counsel noticed Defendants for depositions on April 2 and 12, 2005. Srinivasan's deposition was reset at his request to April 27, 2005, due to the illness of his wife. Verhaeghe was in South Africa and his deposition was rescheduled to April 13, 2005, to accommodate his travel plans.

Defendant Verhaeghe failed to attend his deposition in Houston on April 13, 2005, with no notice to Plaintiff's counsel. A certificate of non-appearance was taken. He later claimed he was

in a hospital in Austin, Texas, for a medical procedure. His deposition was renoticed for May 24, 2005.

Srinivasan's wife died on April 22, 2005. Srinivasan's deposition was again rescheduled at his request from April 27, 2005, to May 20, 2005.

On March 22, 2005, the court-ordered mediation was scheduled by agreement for May 18, 2005, before Bert Pluyman in Austin, Texas. No objection was made to this date by Defendants.

On May 17, 2005, around 3:00 p.m., Plaintiff's counsel received a letter from Defendants' counsel stating that his clients would not attend the mediation the following day or their depositions as previously agreed. This notice was received after two representatives of Plaintiff had flown from Dallas, Texas, and Las Vegas, Nevada, to attend the deposition.

As Defendants' counsel explained in the letter, Verhaeghe was "medically unavailable" for both the mediation and his deposition. Srinivasan was "temporarily unavailable" to attend either the mediation or his deposition because of his wife's death the month before.

Not surprisingly, the case did not settle at mediation. As Defendants are pivotal parties in this lawsuit, their attendance was absolutely necessary to a successful mediation.

At his deposition last week, Defendant Verhaeghe explained that he and Srinivasan decided not to attend the mediation because they did not want to pay the $1200 mediation fee. Notably, he did

not offer his health as an excuse for his non-attendance. Defendants' counsel stated that neither client told him of his unavailability for the mediation or the scheduled depositions until the morning of May 17, 2005.

Defendants did not file a motion for protection or take any other appropriate measure to reschedule either the mediation or the depositions noticed by Plaintiff.

Federal Rule of Civil Procedure 37(d) provides that a party may be sanctioned for his failure to attend his deposition after receiving proper notice and may be required to pay reasonable expenses, including attorney's fees, caused by that failure to appear. Federal Rule of Civil Procedure 37(b) permits a court to sanction a party who fails to obey a Fed. R. Civ. P. 26(f) scheduling order. In this case, the court ordered mediation as part of its scheduling order. See Docket Entry No. 102. Attendance at the mediation was not optional.

Plaintiff's counsel claims that the reasonable expenses incurred as a result of Defendants' failures to attend their depositions and mediation total $22,853.10.

The court finds that Srinivasan and Verhaeghe have disregarded properly noticed depositions without justification or, at a minimum, filing for a protective order as required by the Federal Rules of Civil Procedure. Their claims of poor health and the death of a spouse would normally suffice to require a rescheduling of the depositions or mediation. However, the repeated failures to

4

appear and cancellations at the last minute are cumulatively inexcusable. Their pattern of delay overrides the individual excuses for non-attendance.

The court finds that Defendants should be sanctioned as follows: Srinivasan and Verhaeghe, jointly and severally, for a $1200 mediation fee, client travel expenses in the amount of $995.10, attorney's fees for Mr. Simons in the amount of $2,618 for his attendance at the failed mediation, attorney's fees for Mr. Whittlesey in the amount of $3,560 for his attendance at the failed mediation, attorney's fees in the amount of $1,870 for preparation of the motion to compel and motion for sanctions, for a total of $9,248 in sanctions, owed jointly and severally.

In addition, Defendant Verhaeghe is sanctioned individually for a non-appearance fee and attorney's fees in the amount of $272 for his failure to attend his deposition on April 13, 2005. While the court credits his counsel's representation that he had been admitted to the hospital for a test to be taken the following day, there is no excuse for his utter failure to communicate his health problems to either his counsel or opposing counsel in a timely fashion. Although the court considers suspect his second failure to attend his deposition on May 24, 2005, his counsel did notify Plaintiff's counsel that he would not attend the deposition. Therefore, the court will not assess a non-appearance fee for May 24, 2005. For the same reason, the court will not assess a non-appearance fee against Srinivasan.

The sanctions must be paid to Plaintiff's counsel within thirty days from receipt of this Order.

SIGNED this 21st day of June, 2005, in Houston, Texas.

_____
Nancy K. Johnson
United States Magistrate Judge