IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VESTIN FUND II, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. H-03-5071 |
| | § | |
| LUCKY SRINIVASAN, et al., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| VESTIN MORTGAGE, et al., | § | |
| | § | |
| Third-Party Defendants. | § | |

**ORDER DENYING ATTORNEYS FEES**

Presently pending before the court is Third-Party Defendant Ronald F. Bearden's Motion for Recovery of Attorney's Fees from Third-Party Plaintiff Charles Glace (Docket Entry No. 316) and the response filed thereto.

The facts in this suit have been exhaustively discussed in other memoranda. The bone of contention in the present motion is whether Glace had a factual basis for his claims of fraud, breach of fiduciary duty and conspiracy against Bearden as asserted in his Third-Party Complaint. The court found that Glace's claims lacked both a factual and legal basis and granted summary judgment. See Docket Entry Nos. 279 and 285. Bearden contends that these claims were brought in bad faith and seeks recovery of the attorney's fees expended defending the claims.

Texas law does not permit recovery of attorney's fees for the

successful defense of tort claims.  Although the Federal Rules of Civil Procedure allow attorney's fees to be imposed for certain violations of the Rules,[1] Bearden bypasses those options and seeks sanctions under the court's inherent power to punish the bad faith conduct of litigants, citing Chambers v. NASCO, Inc., 501 U.S. 32, 53 (1991).

In Chambers, the sole shareholder and director of a company that operated a television station agreed to sell the company's assets and broadcast license to NASCO, Inc.  Chambers changed his mind about the sale and engaged in a number of actions both in and out of court that were designed to obstruct the sale's consummation.  The trial court found that Chambers had attempted to deprive the court of jurisdiction by acts of fraud, filed false and frivolous pleadings, and engaged in activities designed to oppress and harass NASCO into dropping the suit.

Determining that Federal Rule of Civil Procedure 11 did not reach Chambers' out-of-court conduct, and acknowledging that the falsity of certain pleadings was not apparent until after a trial on the merits, the court relied on its inherent power to assess attorney's fees as a sanction for Chambers' bad-faith conduct during the litigation.  In affirming the sanctions, the Supreme Court found that the lower court's ability to sanction was not

---

[1] See, e.g., Federal Rules of Civil Procedure 11, 16(f), 26(g), 37(b), and 56(g).

limited by statutes or rules and the court could rely on its inherent power to sanction a party when a party institutes or continues a proceeding without reasonable ground.  Chambers, 501 U.S. at 46.  The Court stated that a lower court should only resort to its inherent powers when "in the informed discretion of the court, neither the statute [ 28 U.S.C. § 1927] nor the Rules are up to the task. . ."  Chambers, 501 U.S. at 50.  The Court warned that while a court has the inherent power to sanction, such power should be used only when it finds that "fraud has been practiced upon it, or that the very temple of justice has been defiled."  Chambers, 501 U.S. at 46.

Such is not the case here.  Although the court agrees that Glace has played fast and loose with many of his initial factual allegations and his claims have evaporated in the face of his own deposition testimony, there has been no adequate explanation of why the Rules do not provide an adequate remedy.  Bearden argues that he did not file a motion pursuant to Rule 11 because he assumed that Glace would manufacture evidence to contest the motion for summary judgment and by the time it became apparent that Glace was unwilling to manufacture evidence to support his claims, it was too late to file a motion pursuant to Rule 11.  Bearden also claims that pursuing a Rule 11 motion would have cost him additional attorney's fees.

Glace's conduct is not comparable to the conduct involved in

<u>Chambers</u>.  Glace did not obstruct any court proceeding by out-of-court conduct and any sanctions warranted by baseless assertions could have been addressed pursuant to Rule 11.  The court finds that Bearden's excuses for sidestepping Rule 11 are nothing more than litigation strategy and do not warrant the invocation of the inherent powers of the court to sanction for conduct that Rule 11 was intended to address.

Accordingly, Bearden's motion for recovery of attorney's fees is **DENIED.**

SIGNED this 10th day of April, 2007, in Houston, Texas.

_____
Nancy K. Johnson
United States Magistrate Judge

4